STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CARMELO CANNIZZARO, PLAINTIFF IN ERROR.

Argued October 4, 1944—Decided January 16, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the plaintiff in error, *Nicholas Martini.*

For the defendant in error, *Manfield G. Amlicke.*

The opinion of the court was delivered by

DONGES, J. Plaintiff in error was indicted by the grand jury of Passaic County, with one Rocco Cuva upon a charge that he "unlawfully did transport, for sale, eight gallons of a certain illicit alcoholic beverage, suitable for human consumption, and having an alcoholic content of more than one half of one per cent. by volume, the kegs, barrels, cans, bottles, flasks and containers, wherein said alcoholic beverage was then and there contained, not then and there bearing any stamps or stamp, labels or label, or other indicia of payment of tax as is required by the laws of the United States and the State of New Jersey."

After a plea of "not guilty," the plaintiff in error waived his right to a trial by jury and came on for trial before Judge Alexander M. MacLeod in the Court of Special Sessions.

The testimony is not before us, but upon an "Agreed State of Facts," it appears that plaintiff in error admitted the transportation of eight gallon jugs of wine, as charged, and "that the eight gallon jugs of wine did not bear any labels." It was testified that the containers bore no labels or tax stamps.

Plaintiff in error testified that he brought the jugs up from his cellar "in containers to which he affixed the required amount of federal and state revenue stamps; that he had sealed the containers prior to removal from the bonded winery; that he had carried the containers containing the said eight one gallon jugs of wine upstairs to his store where he sold the wine at retail; that he opened the containers and removed the eight one gallon jugs therefrom, cancelling the revenue stamps at the same time; that he placed the eight one gallon jugs on his counter; that his daughter usually affixed labels bearing his name, address and notation of tax payment." He testified that one Cuva came in and said he wanted eight gallons of wine "in a hurry" for a party; that plaintiff in error informed him he was busy and did not make deliveries, whereupon Cuva went into the store and carried out two containers, each holding four one gallon jugs of wine and put them in Cannizzaro's car, whereupon Cannizzaro drove it to the address of the purchaser; that plaintiff in error carried one container into the restaurant and Cuva carried one;

that he then saw an A. B. C. man in the restaurant, who thereupon opened the containers and removed the jugs therefrom, and that plaintiff in error for the first time noticed that the jugs contained no labels. That the jugs had no labels was admitted by plaintiff in error.

R. S. 33 :1–88 (Supplement of *Pamph. L.* 1939, *ch.* 177) provides that:

"Any alcoholic beverage in any keg, barrel, can, bottle, flask or similar container shall, in any proceeding under the chapter which this act supplements, be deemed *prima facie* an illicit beverage where the container (1) does not bear any label describing its contents, or (2) bears a label which does not truly describe its contents, or (3) does not bear such indicia of payment of tax as is required by the laws of the United States and the State of New Jersey."

Plaintiff in error argues several points. Among them is that there was no legal proof to sustain the indictment and that the case should have been dismissed. There was clear and uncontradicted evidence of the absence of labels, and, even if the trial court believed the taxes had been paid, a conviction would be warranted for the admitted violation of the statute. Neglect to observe would not relieve plaintiff in error of this clear duty.

A witness was produced by plaintiff in error who was an investigator of alcoholic beverages of the federal government, who testified as to plaintiff in error's status as a bonded winery licensee. He was asked whether he found the plaintiff in error's tax account and inventories and refused to answer. We conclude there was no error in the court's ruling that the witness could refuse to answer, because it does not appear from the meagre record before us that he was qualified to answer the question.

It is also urged that it was error to permit the same witness, Flynn, to answer, on cross-examination, that in his opinion there was a violation and he answered that, in his opinion, there was a violation because the labels were not on the gallon jugs. There could be no harm to plaintiff in error because certainly the trial judge would not be influenced by the opinion of the witness, if not supported, and, in fact, it was

stipulated by counsel for plaintiff in error that there were no labels. There is every indication that the wine was to be sold.

The trial judge found the accused guilty and imposed a fine of $150.

We conclude that there was no harmful error in the admission or rejection of testimony and that the proofs sustained the judgment of the trial judge, who heard the witnesses, that there had been a violation as charged.

The judgment is affirmed, with costs.